UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO GONZALEZ,

v.  Case No. 8:07-cr-134-T-17EAJ
 8:11-cv-1474-T-17EAJ

UNITED STATES OF AMERICA.
_____

## O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion to vacate" of "motion"). (Doc. cv-1; cr-71). A review of the record demonstrates that the motion to vacate must be **denied**.

## PROCEDURAL HISTORY

Gonzalez pled guilty to count one of the indictment charging him with possessing with the intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii). D-35, D-63. Gonzalez pled without the benefit of a plea agreement. During his change of plea hearing, the Court advised Gonzalez he was subject to a minimum mandatory term of imprisonment of five years and maximum term of 40 years' imprisonment. D-63 at 7.

An Addendum to the Presentence Investigation Report (PSR) dated December 18, 2007, was prepared as required by Middle District of Florida Local Rule 4.12. The PSR calculated Gonzalez's total offense level under USSG §2D1.1 as 29, including a three level reduction for acceptance of responsibility. Gonzalez was found to be a career offender under USSG §4B1.1 due to having at least two prior State of Florida felony convictions of

either a crime of violence or a controlled substance offense, delineated in the PSR as follows:

> a) Aggravated Assault, Hillsborough County Circuit Court, Case No. 01-CF-8413, a felony that is a crime of violence, originally sentenced on October 30, 2001, to 36 months probation, but on February 6, 2003, sentenced to 3 years prison, suspended to 364 days county jail, 3 years probation for violation of probation, and on February 1, 2006, sentenced to 31.5 months prison for violation of probation; and
>
> b) Battery on a Law Enforcement Officer, Hillsborough County Circuit Court, Case No. 02-CF-13399, a felony that is a crime of violence, originally sentenced on February 6, 2003, to 3 years prison suspended to 364 days, 3 years probation, but on January 11, 2006, sentenced to 31.5 months prison for violation of probation.

PSR ¶¶ 23, 30, 32. Based on Gonzalez having at least two qualifying prior convictions, Gonzalez met the requirements of a career offender as defined in USSG §4B1.1. As a career offender, the Probation Office calculated Gonzalez's total offense level at 31, with a criminal history category VI, resulting in a guidelines range of 188 to 235 months' imprisonment. PSR ¶ 81.

The PSR reflects Gonzalez's objections to his career offender designation based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Shepard v. United States*, 544 U.S. 13 (2005). PSR at 1-2. At the December 19, 2007 sentencing, Gonzalez did not object to the factual accuracy of the PSR, or to the application of the guidelines as set forth in the PSR. D-45, D-46, D-60 at 4. Gonzalez maintained his objection to his designation as a career offender and this Court overruled his objections. D-60 at 7-13. This Court adopted the facts and guideline calculations in the PSR and sentenced Gonzalez to 188 months' imprisonment to be followed by five years' supervised release. Id. at 13, 23-24.

Gonzalez appealed his conviction and sentence. D-47. On October 17, 2008, the

Eleventh Circuit affirmed Gonzalez's conviction and sentence and rejected Gonzalez's *Apprendi* challenge to his career offender designation. *See United States v. Gonzalez*, 296 Fed. App'x 799 (11th Cir. 2008). D-69. Gonzalez applied for certiorari to the United States Supreme Court, No. 08-7212, on November 5, 2008. Certiorari was denied on December 8, 2008. 129 S. Ct. 750.

On July 5, 2011, Gonzalez filed the instant § 2255 motion. D-cv-1. In his motion, Gonzalez claims that the decision in Johnson v. United States, 130 S. Ct. 1265 (2010)[1] renders him "actually innocent" because he cannot be designated a career offender since the offenses of aggravated assault and battery on a law enforcement officer are not crimes of violence as defined in USSG §4B1.2. Gonzalez is not entitled to relief because his claim is untimely, procedurally barred, not cognizable, and otherwise without merit. His motion must be dismissed for the reasons set forth below.

## DISCUSSION

### A. THE MOTION TO VACATE IS UNTIMELY

**1) Because Gonzalez did not File His Section 2255 Motion Within One Year of December 8, 2008, His Motion is not Timely.**

Gonzalez's conviction became final on December 8, 2008, when his petition for certiorari review was denied, therefore, he had until December 8, 2009, to file his section 2255 motion. D-70, Exhibit C; *see Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (when a prisoner timely petitions for certiorari review, section 2255 limitation

---

[1] *Johnson v. United States*, 130 S. Ct. 1265 (2010) (Florida felony offense of battery by "[a]ctually and intentionally touch[ing]" another person does not have "as an element the use . . . of physical force against the person of another," and thus does not constitute a "violent felony" under 18 U.S.C. § 924(e)(1) to qualify as an Armed Career Criminal).

period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits."). By filing his section 2255 motion on June 29, 2011, Gonzalez's motion is untimely. See 28 U.S.C. § 2255 ¶ 6(1).

Gonzalez admits he failed to meet the one-year statute of limitations filing period under the AEDPA, however, he contends "actual innocence" and "manifest injustice" make his claim timely. D-cv-1 at 12, 18-20. Gonzalez relies on the Supreme Court's decision in *Johnson*. *Id.* at 21-23. In order to make a claim for a retroactive application on collateral review based on *Johnson*, such claim would be timely only if made within one year of *Johnson*'s being decided.[2] See 28 U.S.C. § 2255(f)(3). Because *Johnson* was decided on March 2, 2010, Gonzalez would have needed to file his section 2255 motion by March 2, 2011. By filing his motion on June 29, 2011, Gonzalez's filing is several months past the one-year deadline. D-cv-1.

## PROCEDURALLY BARRED

**1) Because Gonzalez did not Challenge His Sentence on Direct Appeal, Gonzalez is Procedurally Barred from Challenging His Sentence in this Section 2255 Proceeding.**

When a petitioner raises a constitutional claim on collateral review that he failed to

---

[2] To the extent Gonzalez's argument can be construed to suggest *Johnson* is retroactively available to challenge his prior convictions, he is mistaken. Unlike the armed career criminal provision at issue in *Johnson*, which increased the defendant's sentence beyond the statutory maximum, the application of the career offender provision at issue here rendered a sentence within the statutory range. Second, *Johnson* does not address Florida's aggravated assault statute, Gonzalez's other qualifying conviction. The Eleventh Circuit has recently examined whether a petitioner sentenced to below the statutory maximum can collaterally challenge his career offender designation based on *Johnson* and concluded such a claim is procedurally barred "[b]ecause Page's status as a career offender is a non-constitutional issue that he could have raised on direct appeal, . . . [and] not cognizable." *Page v. United States*, 2011 WL 3925373, at *2 (11th Cir. 2011); accord *Hires v. United States*, No. 8:11-cv-388-T-30TGW, 2011 WL 3566701, at *2 (M.D. Fla. Aug. 12, 2011).

4

raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001). To show cause for failing to raise a claim in an earlier proceeding, a petitioner must show "some external impediment preventing counsel from constructing or raising the claim." *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (emphasis removed). To establish prejudice, the petitioner must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982).

The Supreme Court has established that futility of raising a particular claim does not constitute "cause" excusing a defendant's procedural default. *See Bousley v. United States,* 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'"); *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998); *accord Page*, 2011 WL 3925373 at *1. A defendant's waiver of his right to appeal also does not constitute "cause" for failing to appeal. *See United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995); *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). In *Pipitone*, the United States Court of Appeals for the Second Circuit ruled that considering an appeal waiver to be "cause" for failing to appeal "turns the 'cause' requirement on its head. Whatever linguistic distinction may be made between an 'appeal' and a § 2255 petition, we are loathe to countenance so obvious a circumvention of a plea agreement." 67 F.3d at 39.

Nonetheless, Gonzalez could avoid the procedural bar if he could show, by clear and convincing evidence, that this Court's alleged error in applying the career-offender guidelines "has probably resulted in the conviction of one who is actually innocent." *See Bousley,* 523 U.S. at 623-24. Although Gonzalez contends that he is "actually innocent" of being a career offender, D-cv-1 at 4,18, 21-22, the Eleventh Circuit in *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) rejected the notion that "actual innocence" can apply to a guidelines enhancement. The *Gilbert* Court explained:

> Put in its best light, Gilbert's argument assumes that he was convicted of the nonexistent offense of being a career offender with only one qualifying predicate offense. But he wasn't. As the indictment and the judgment in this case show, Gilbert was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. . . .Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

Id. (citation omitted).

As the Eleventh Circuit confirmed in *Bido v. United States*, No. 09-16394, 2011 WL 2899606 (11th Cir. July 20, 2011), the "recent en banc decision in *Gilbert II* forecloses the argument" that a defendant may be "actually innocent" of being a career offender, because Gilbert "categorically rejected that claim, explaining that Gilbert was neither charged with, nor convicted of, being a career offender." Id. at *2. "[I]n order to invoke the actual innocence exception to the procedural default rule, a petitioner must show that his conviction resulted from a constitutional violation," and "a petitioner's claim that a Sentencing Guideline provision was misapplied to him at sentencing is not a constitutional

6

claim." *Id.* Likewise, in this case, *Gilbert* forecloses any suggestion that Gonzalez's "actual innocence" of being a career offender excuses his procedural default because Gonzalez "was neither charged with, nor convicted of, being a career offender" and because his claim that the district court misapplied a sentencing guideline is not a constitutional claim.

Gonzalez was charged with and convicted of possessing with the intent to distribute 500 grams or more of cocaine, D-35, D-63, and he does not contend that he is actually innocent of that crime. See D-cv-1. In fact, Gonzalez does not even contend that he is actually innocent of the predicate offenses that led to his sentencing as a career offender, as he does not assert that he did not commit those offenses or that those offenses no longer constitute crimes. Moreover, Gonzalez does not contend that his drug conviction resulted from a constitutional violation or a miscarriage of justice, and, because his 188 months' sentence falls well within the 40-year statutory maximum, see 21 U.S.C. § 841(b)(1)(B)(ii), no constitutional violation or miscarriage of justice is at issue with respect to his sentence. *See McKay v. United States*, 2011 WL 4389641 at *8 (11th Cir. Sept. 22, 2011) (declining to extend "actual innocence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence"; thus insuring the exception to procedural default rule "remains 'rare' and is only applied in the 'extraordinary case'" ); Sun *Bear v. United States*, 644 F.3d 700, 703 (8th Cir. 2011) (en banc), as discussed more fully below.

*Gilbert*, thus, establishes that Gonzalez cannot invoke the actual innocence exception to the procedural default rule. Therefore, Gonzalez has procedurally defaulted is challenge to his sentence for purposes of this section 2255 proceeding. *See Bido*, 2011 WL 2899606, at *2 (declining to reach merits of procedurally defaulted claim that district

court had misapplied career offender guideline at sentencing).

## LACK OF COGNIZABILITY

**1) Gonzalez's Challenge to this Court's Application of the Sentencing Guidelines is not Cognizable in this Section 2255 Proceeding.**

Even if this Court excuses Gonzalez's failure to challenge his career offender status in the district court or on direct appeal, he still is not entitled to relief because his challenge to the this Court's application of the sentencing guidelines is not cognizable in this section 2255 proceeding. As discussed below, his 188 months' sentence, which falls well within the 40-year statutory maximum, is lawful, constitutional, and fundamentally fair.

Section 2255 permits a court to grant relief from an imposed term of imprisonment only if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In an attempt to bring his claim within the scope of section 2255 by asserting ineffective assistance of counsel, Gonzalez contends that this Court's error in the application of the career offender sentencing guideline in this case somehow resulted in the deprivation of some constitutional right(s) because his counsel failed to object to specific career offender offense, other than her *Apprendi* objection, or failed to do so "without the government putting up any Shepard approved materials." D-cv-1 at 23-24.

Neither the United States Court of Appeals for the Eleventh Circuit nor the Supreme Court ever has held that an error in the application of the sentencing guidelines that does not result in the imposition of a sentence that exceeds the statutory maximum for the

offense of conviction results in a constitutional violation. To the contrary, in *Gilbert,* 640 F.3d at 1321, the Eleventh Circuit stated that "Gilbert's claim that [the career offender] sentencing guidelines provision was misapplied to him is not a constitutional claim. If it were, every guidelines error would be a constitutional violation." *Accord Sun Bear*, 644 F.3d at 705 (section 2255 challenge to defendant's career offender sentence did not constitute a claim of constitutional error).

Consequently, Gonzalez's challenge to his sentence presents a nonconstitutional claim. The Supreme Court has stated that a defendant may raise a nonconstitutional claim on collateral review only if the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *E.g., Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (quoting *Hill,* 368 U.S. at 428); *see also Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("[A] claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice."). As a result, "certain claimed errors, even if meritorious on direct appeal, are not cognizable in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1233 & n.15 (11th Cir. 2004) (citing ten opinions of this Court holding that various errors were not cognizable under section 2255); *accord Frady*, 456 U.S. at 165 ("an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

Neither the Eleventh Court or the Supreme Court has held that an ordinary error in the application of the sentencing guidelines, even one that erroneously results in the

application of the career offender guideline to increase a defendant's offense level significantly, constitutes the type of non-constitutional error that is cognizable in a section 2255 proceeding. *See Page*, 2011 WL 3925373. Indeed, for nearly a century before the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 ("SRA"), federal judges enjoyed "almost unfettered discretion" to sentence offenders within broad statutory limits. *See Mistretta v. United States*, 488 U.S. 361, 363-64 (1989). Because a system of unbounded sentencing discretion is entirely permissible, "errors in the administration of a system that curtails discretion cannot be 'inconsistent with the rudimentary demands of fair procedure.'" *See Scott v. United States*, 997 F.2d 340, 342 (7th Cir. 1993).

Moreover, this Court sentenced Gonzalez well within his applicable statutory maximum term of 40 years imprisonment. D-60 at 23-24. Although "a defendant may not receive a greater sentence than the legislature has authorized," *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980); *see also United States v. Bushert*, 997 F.2d 1343,1350 n.18 (11th Cir. 1993) ("a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute"), if a defendant has been sentenced within the confines that Congress has defined, the defendant's sentence is legal. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) (sentence within statutory maximum "was and is a lawful one"); *Sun Bear*, 644 F.3d at 705 ("An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority."); cf. Gilbert, 640 F.3d at 1306-07 ("statutory maximum sentence" means the punishment ceiling Congress has prescribed "beyond which no defendant convicted of committing that particular crime may be sentenced regardless of the circumstances of the crimes, regardless of the defendant's history, and regardless of the sentencing guidelines"). In this case, this Court imposed a

sentence of 188 months in prison, despite that the statutory maximum term was 40 years in prison. See 21 U.S.C. § 841(b)(1)(B)(ii). A 188-month sentence, for a defendant with a criminal history that included offenses involving aggravated assault and battery on a law enforcement officer certainly did not constitute a complete miscarriage of justice. Indeed, even if this Court resentenced Gonzalez today, this Court could impose the identical term of imprisonment, even without the career-offender enhancement, because the guidelines now are advisory.

Thus, Gonzalez's sentence, viewed objectively, is not "illegal" or a "miscarriage of justice" because it "conform[ed] to the applicable penalty statute," *Llerena v. United States*, 508 F.2d 78, 80 (5th Cir. 1975); did not "exceed the statutory maximum," *United States v. Scott*, 664 F.2d 264 (11th Cir. 1981); *see United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005), and could be reimposed even without the career-offender enhancement. Therefore, Gonzalez cannot establish that his challenge to this Court's application of the sentencing guidelines presents a constitutional claim or a non-constitutional claim that is cognizable in this section 2255 proceeding.

**MERITS**

Gonzalez is not entitled to relief because he has at least two prior felony convictions of either a crime of violence or a controlled substance offense which qualify him as a career offender. The Guidelines define a "crime of violence" for purposes of the career offender provision as follows:

> (a) The term "crime of violence" means any offense under federal of state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

In determining a crime of violence, "the offense of conviction (i.e. the conduct of which the defendant was convicted) is the focus of inquiry. USSG § 4B1.2, comment. n.2. When determining whether a conviction can be classified as a crime of violence, "[w]here an ambiguity exists and the underlying conviction may be examined, the district court can rely on the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Beckles*, 565 F.2d 832, 843 (11th Cir. 2009). In *Beckles*, the Eleventh Circuit held:

> For purposes of sentencing, the district court may also base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented . . . . Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity . . . . Indeed, the defendant's failure to object to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence.

*Beckles*, 565 F.3d at 843-44.

(i) <u>Aggravated Assault</u>

Under the career offender guideline, a "crime of violence includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." USSG §4B1.2, comment. n.1. Fla. Stat. § 784.021 provides that an "aggravated assault" is an assault "(a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith intent to commit a felony," while Fla. Stat. § 784.011 provides that "[a]n 'assault' is an intentional, unlawful threat by word

12

or act to do violence to the person or another, coupled with the apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

Gonzalez's prior conviction for aggravated assault qualifies as a crime of violence because it is an enumerated offense under the career offender guideline and because his offense involved the threatened use of physical force against his family members. Other courts examining Florida's aggravated assault statute post-*Johnson* on collateral review have held the that it is a qualifying predicate offense under the career offender guideline and the Armed Career Criminal Act's violent felony definition. *See Taylor v. United States*, No. 6:10-cv-1435-Orl-28GJK, 2011 WL 3319631, at *2 (M.D. Fla. Aug. 2, 2011); *McGowan v. United States*, No. 8:10-cv-2526-T-30EAJ, 2011 WL 2470168, at *2 (M.D. Fla. June 21, 2011); *Joe v. United States*, No. 8:11-cv-6-T-33TGW, 2011 WL 2119400 (M.D. Fla. May 27, 2011); *see also., Hires*, 2011 WL 3566701 at *3.

The PSR's description of Gonzalez's aggravated assault conviction includes:

> On June 2, 2001, Gonzalez set fire to a paper towel and threatened to burn the house down which was occupied by his girlfriend, Noelia Zertuche, and their three children (all under the age of 16). After the fire was extinguished, Gonzalez used his hand to slap Zoelia in the face in front of their children. Gonzalez then fled the scene and turned himself in on June 4, 2001.

PSR ¶ 30. Gonzalez's actions clearly shows his intent to cause serious bodily injuries to his family and to use a deadly weapon and as such, his conviction qualifies as a crime of violence. Thus, aggravated assault is a proper predicate for qualifying Gonzalez as a career offender.

(ii) <u>Battery on a Law Enforcement Officer</u>

Gonzalez's second qualifying predicate conviction is for battery on a law

13

enforcement officer. Gonzalez contends that his Florida battery on a law enforcement officer conviction no longer constitutes a conviction for a "crime of violence" pursuant to *Johnson v. United States*, 130 S. Ct. 1265 (2010), and that he therefore no longer has the requisite two qualifying convictions to support the enhancement. However, Gonzalez's contention that the Supreme Court's decision in *Johnson* compels the conclusion that his prior Florida battery on a law enforcement officer conviction may no longer be considered a "crime of violence" is mistaken. In *Johnson,* the Supreme Court examined whether simple battery under Florida law is a "violent felony" for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).[3] There, the Court considered only the first clause of the ACCA's definition of a "violent felony," which requires that the offense have "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and held that "the phrase 'physical force' means 'violent force - that is, force capable of causing physical pain or injury to another person.'" 130 S. Ct. at 1271. Because the Florida felony battery offense at issue there, and here, required "proof of only the slightest unwanted physical touch," such as a tap on the shoulder, the Supreme Court concluded that the offense could not categorically be considered a "violent felony" under Section 924(e)(2)(B)(i). Id. at 1269-70, 1273-74. The Eleventh Circuit reached a similar result in *United States v. Williams*, examining whether the fact of a conviction under Florida's battery on a law enforcement officer statute, Fla. Stat. §784.07(2)(b), without more, supported a career offender designation under the

---

[3] The Eleventh Circuit has "repeatedly read the definition of 'violent felony'" under the ACCA as "virtually identical to the definition of a 'crime of violence' under U.S.S.G.§ 4B1.2." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

14

Guidelines. See 609 F.3d 1168, 1170 (11th Cir. 2010).

The *Johnson* court did not, however, hold that the Florida offense of battery on a law enforcement could never be considered a "violent felony." Central to the Court's analysis was the lack of documentation in the record before the district court to show that the battery conviction rested on anything other than non-violent conduct. *Id.* at 1269; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). What remains, then, is the interpretation that Florida conviction for battery on a law enforcement officer could be a "crime of violence" depending on the particular facts (contained in *Shepard*-compliant portions of the judicial record) of the conviction.[7]

Here, the record establishes facts that the Court can use, under the "modified categorical approach,"[4] to conclude that Gonzalez's battery on a law enforcement officer offense was a crime of violence. The PSR's description of Gonzalez's battery on a law enforcement officer conviction reads:

> On August 18, 2002, Gonzalez chased a law enforcement officer around his patrol vehicle while having his hands in a closed fist. Gonzalez then shoved the officer in the chest with his right hand. The officer took the defendant down to the ground to effect an arrest. Gonzalez swung his arms violently in order to resist arrest. As the officer called for back up on his radio, Gonzalez tried to grab the radio from the officer to prevent him from calling for assistance and tried to bite the officer's hands.

PSR ¶ 32.

---

[4] "When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the 'modified categorical approach' that we have approved [citation omitted], permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record-including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 130 S. Ct. at 1273.

In resolving an ambiguity as to whether a particular conviction is a "crime of violence," the Court may base its factual findings on undisputed statements in the PSR. See *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 832-35 (11th Cir. 2006). Failure to object to facts in a PSR admits those facts for sentencing purposes. *Beckles*, 565 F.3d at 844; *Bennett*, 472 F.3d at 834; *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). Gonzalez did not object to the PSR's description of the facts underlying his battery on a law enforcement officer conviction prior to, during, or after his sentencing. See D-60 at 4. Therefore, he has admitted that the offense at issue involved striking deputies and causing minor injuries. These are not acts of "slight intentional touching" that were of concern in *Johnson* or that would technically satisfy the Florida definition of battery without amounting to violent force. Rather, these facts satisfy the definition of physical force–"force capable of causing physical pain or injury to another person"–established in Johnson. Indeed, it appears that Gonzalez took these actions precisely in order to cause physical pain and/or injury to the deputies. Therefore, the facts underlying Gonzalez's battery on a law enforcement officer conviction indicate that it does qualify as a "crime of violence" and that Gonzalez is properly classified a career offender. Thus, Gonzalez's reliance on *Johnson* is misplaced. *See Barberree v. United States*, No. 8:10-cv-2492-T-33MAP, 2011 WL 1396972, at *5-*6 (M.D. Fla. Apr. 13, 2011).

Gonzalez did not object at sentencing or in his section 2255 motion to the PSR's description of his prior convictions. Instead, he claims his counsel was ineffective for failing to object to his convictions as non-qualifying and the government's failure to produce *Shepard*-type documents. D-cv-1 at 23. At sentencing, his counsel did make *Apprendi* based objections to his career offender enhancement. At Gonzalez's 2007 sentencing,

counsel was aware of the 2005 *Shepard* decision. See PSR Amended Addendum Objection at 2.

At the hearing, this Court specifically questioned counsel as to whether Gonzalez's objections to his career offender designation would require "any live testimony." D-60 at 7. Counsel indicated she did not "believe we do." Id. The government indicated its understanding of Gonzalez's challenge involved "just legal arguments" because "the only factual dispute existed that we resolved at the position of the parties and the Court just noted." Id. Defense counsel further noted before making her *Apprendi* arguments, "[t]hey're all kind of academic arguments and for the record, because we don't know where the law's going and it's in flux." Id. at 8. Counsel also went on to note "for the record the objection we have is that his prior record was not alleged or proven" but presently "there's no precedent to support our position" and acknowledging under the guidelines, Gonzalez did qualify as career offender "unless something happens to change the law with regard to priors." Id. at 9.

At the time of Gonzalez's sentencing and today, aggravated assault and battery on a law enforcement officer can serve as the basis for a career offender enhancement. Even if counsel had made a *Johson*-type argument, such a challenge would not be successful because the facts of Gonzalez's aggravated assault and battery on a law enforcement officer convictions show the offenses involve physical force and, therefore, satisfied § 4B1.2(a)'s definition of "crime of violence." Moreover, this Court in post-*Booker* sentencing sentenced Gonzalez under the advisory sentencing guidelines to a sentence below the statutory maximum and nothing in the record suggests this Court was inclined to sentence Gonzalez to a lesser amount.

"Reasonably effective representation cannot and does not include a requirement to make arguments based on predications of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted). A counsel's failure to anticipate a change in the law does not constitute ineffective assistance. As Judge Carnes explained in his concurring opinion to the order denying a petition for rehearing en banc in *United States v. Ardley*, 273 F.3d 991, 993-94 (11th Cir. 2001):

> In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel. *See, e.g., Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"); . . . *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ('[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony."); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law"). That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it. *See, e.g., Pitts*, 923 F.2d at 1572-74 (holding that even though a claim based upon the 1986 *Batson* decision was "reasonably available" to counsel at the time of the 1985 trial, failure to anticipate the *Batson* decision and raise that claim was not ineffective assistance of counsel).
>
> Further, the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner.

Gonzalez's guidelines claim fails to meet *Strickland*'s prejudice prong, as he has not shown that his sentence or guidelines calculation would have been different had his counsel done anything differently. Consequently, Gonzalez's counsel cannot be deemed constitutionally ineffective for failing to assert that Gonzalez's prior convictions for aggravated assault and battery on a law enforcement officer did not constitute crimes of

violence. Because Gonzalez's prior convictions for aggravated assault and battery on a law enforcement officer are still qualifying offenses for purposes of enhancement, his career offender status remains unchanged. Therefore, Gonzalez's claim is meritless.

**Accordingly, the Court orders:**

That Gonzalez's 28 U.S.C. 2255 motion to vacate (Doc. cv-1; cr-71) is denied. The Clerk is directed to enter judgment against Gonzalez and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on January 31, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Kelly Clement Howard-Allen
Eduardo Gonzalez